FRED W. GROES, GEORGE E. GROES, AMY D. GROES and ARTHUR THOMPSON v. EMMA BROCKMAN, CHARLES H. GROES, HARRY BARBER, NELLIE BARBER and MARY DUCK-WORTH, Appellants.

Division One, April 13, 1925.

1. **PARTITION: Statutory Proceeding: Sale: Without Appointment of Commissioners.** Partition in Missouri is a statutory action, although the statutes largely follow the equity practice and are expressive of equity rules, with a grant of power to decree a sale if the situation of the cases meets the statutory conditions authorizing a sale; and Section 2047, Revised Statutes 1919, authorizes a sale, without the appointment of commissioners, if plaintiffs allege and prove that the property is not susceptible of division in kind and that a sale as a whole is to the best interest of all the parties.

2. ————: **Sale: Authorized by Facts.** The plaintiffs in partition, when they seek a sale of the lands without the appointment of commissioners to divide them, are required by the statute (Sec. 2047, R. S. 1919) to allege that the property is not susceptible of division in kind and that a sale of the whole will be to the best interest of all the parties; and where they so allege, the court is authorized to decree a sale of the whole where the tract consists of 110 acres, 140 rods long and 120 rods wide, and there are nine coparceners; and the proof is that it is encumbered with a mortgage for $2,000, and a judgment lien for $2,000 more; that contracts have been entered into, since the commencement of the suit, by which some of the parties have sold their undivided interests to one or more of the other parties, and some of them have only a one-eighteenth interest; that for 120 rods the land fronts on a good road; that the west half is better than the east half, and that the improvements, worth $2500, are on the west one-third, and many witnesses testify

Groes v. Brockman.

that it cannot be divided in kind so as to protect the interests of all the parties.

3. ————: ————: **Deference to Trial Court.** In determining the propriety of an order of sale in a complicated partition suit, this court defers to the finding of the trial court, who sees and hears the witnesses, and is in a better position to weigh the evidence and determine the real merits of their conflicting opinions.

Citations to Headnotes: Partition: 1, 30 Cyc. 254; 2, 30 Cyc. 246; 3, 30 Cyc. 328.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*H. J. West* for appellants.

(1) Two or more shares may be set off together. Sec. 2009, R. S. 1919. (2) If the judgment of the court as to partition in kind can only be executed as to a part of the premises involved, the commissioners are authorized to make such division, and the court can then order the balance of the premises sold. Sec. 1018, R. S. 1919. (3) If the commissioner's report shows the land cannot be partitioned in kind, the court may upon the coming in of the report order all the land sold. Sec. 2026, R. S. 1919. (4) Only when it is apparent to the court that to divide the land in kind would be of great prejudice to the interests of the owners is the court authorized to order the land sold without the appointment of commissioners. Sec. 2047, R. S. 1919.

*Bailey & Hart* for respondents.

(1) Whether the land shall be ordered sold or divided, in kind, rests in the discretion of the court. R. S. 1919, sec. 2047. (2) Where plaintiff asks for a sale and defendant testified a sale would be advantageous to him, and the entire tract consisted of only 105 acres, the

Supreme Court will not reverse the action of the trial court in decreeing the sale. Hiles v. Rule, 121 Mo. 257. (3) Where the case is one at law, tried by the court without a jury, and no instructions were asked or given, and no special finding of facts was asked or made, and no error is apparent on the face of the record, the only questions open to review on appeal are whether there was any substantial evidence to support the verdict and whether error was committed in the admission or rejection of evidence. Carpenter v. Coats, 183 Mo. 52.

GRAVES, J.—This is a partition suit, the subject-matter being 110 acres of land in Linn County. Appeal was taken to the Kansas City Court of Appeals, which court transferred the cause to this court, because title to real estate was involved. The land was owned by Elizabeth Groes in her lifetime. Parties plaintiffs and defendants are either heirs at law of Elizabeth Groes, deceased, or purchasers from such heirs. The learned trial judge in his judgment has found all facts, and such findings we quote, as follows:

"The court finds from the evidence that said real estate is subject to a deed of trust in the nature of a mortgage given by Elizabeth Groes, the ancestress of the parties hereto, to the Mutual Benefit Life Insurance Company, and which deed of trust is now held and owned by the defendant, Charles H. Groes.

"The court further finds from the evidence that the said real estate is also subject to a judgment of the Probate Court of Linn County, Missouri, in favor of Susan Barber and against the estate of Elizabeth Groes, deceased, and which said judgment is now held and owned by the defendants, Harry Barber, Nellie Barber and Mary Duckworth equally as heirs at law of Susan Barber, deceased.

"That said deed of trust is a first lien and said judgment is a second lien on said land, and that the interests of the several parties to this suit as hereinafter

found and determined are subject and junior to both said deed of trust and said judgment.

"The court further finds from the evidence that the plaintiff, Fred W. Groes, is the owner of an undivided one-sixth interest in and to said real estate, which said one-sixth interest, he, the said Fred W. Groes, has since the commencement of this suit, agreed and contracted in writing to sell and convey to the plaintiffs, George E. Groes, Amy B. Groes and Arthur Thompson.

"The court further finds from the evidence that the plaintiff, George E. Groes, is the owner of an undivided one-sixth interest in said land.

"That prior to the commencement of this suit, the plaintiff George E. Groes agreed and contracted in writing to sell an undivided one-third interest in said land to the defendants, Emma Brockman, Charles H. Groes, Harry Barber, Nellie Barber and Mary Duckworth, and to convey the same to them or any of them as they might request, and that at the request of the defendants Charles H. Groes and Emma Brockman he, George E. Groes, has, since the commencement of this suit and in compliance with the terms of said contract in writing, conveyed an undivided one-sixth interest in said land to the defendant, Charles H. Groes, which satisfies and consummates said contract as far as the defendants Emma Brockman and Charles H. Groes are concerned therein, and that since the commencement of this suit, he, George E. Groes, together with the plaintiffs Amy B. Groes and Arthur Thompson, has in writing agreed and contracted to purchase an undivided one-third interest in said land from the defendants Harry Barber, Nellie Barber and Mary Duckworth, which includes and embraces the interest sold to them, the said Harry Barber, Nellie Barber and Mary Duckworth, under the prior contract aforesaid.

"The court further finds from the evidence that since the commencement of this suit, the plaintiff George E. Groes, together with the plaintiffs Amy B. Groes and Arthur Thompson, has agreed and contracted in writing

to purchase an undivided one-sixth interest in said land from the plaintiff Fred W. Groes.

"The court further finds from the evidence that the plaintiff Amy B. Groes has, since the commencement of this suit, together with the plaintiffs George E. Groes and Arthur Thompson, agreed and contracted in writing to purchase an undivided one-sixth interest in said land from the plaintiff Fred W. Groes, and to purchase an undivided one-third interest therein from the defendants Harry Barber, Nellie Barber and Mary Duckworth.

"That the plaintiff Arthur Thompson has, since the commencement of this suit, together with the plaintiffs George E. Groes and Amy B. Groes, agreed and contracted in writing to purchase an undivided one-sixth interest in said land from the plaintiff Fred W. Groes, and an undivided one-third interest therein from the defendants Harry Barber, Nellie Barber and Mary Duckworth.

"The court further finds from the evidence that the defendant Emma Brockman is the owner of an undivided one-sixth interest in and to said land.

"The court further finds from the evidence that the defendant Charles H. Groes is the owner of an undivided one-third interest in and to said land.

"The court further finds from the evidence that the defendant Harry Barber is the owner of undivided one-eighteenth interest in and to said land, which said one-eighteenth interest he has since the commencement of this suit agreed and contracted in writing to sell and convey to the plaintiffs George E. Groes, Amy B. Groes and Arthur Thompson.

"The court further finds from the evidence that the defendant Nellie Barber is the owner of an undivided one-eighteenth interest in and to said land, which said one-eighteenth interest she has agreed and contracted in writing to sell and convey to the plaintiffs George E. Groes, Amy B. Groes and Arthur Thompson.

"The court further finds from the evidence that the defendant Mary Duckworth is the owner of an undivided one-eighteenth interest in and to said land, which said one-eighteenth interest she, since the commencement of this suit, has contracted and agreed in writing to sell and convey to the plaintiffs George E. Groes, Amy B. Groes and Arthur Thompson.

"The court further finds from the evidence that said real estate is not capable of being divided in kind between the parties hereto, without greatly prejudicing their interests therein, and that it will be to the advantage of all the parties hereto that said land be sold and the proceeds thereof divided between the parties as their interests have been found."

The last three named defendants (Harry Barber, Nellie Barber, and Mary Duckworth) were grandchildren of deceased, and jointly were entitled to a one-sixth interest in the land. We have set out the finding of the court in full, because they are material upon the single issue involved here. Both sides to the controversy agree that the sole question for determination upon this appeal is whether or not the trial court should have ordered a sale of the property. The facts found below are not questioned, except the finding that the interests were such that the land should be sold, rather than divided in kind. This outlines the case.

I. Partition in Missouri may rightfully be denominated a statutory action. At common law such action was in equity, and under such law, a sale of the property was not allowed. [20 R. C. L. sec. 49, p. 773.] But in England, by subsequent statute, the courts were authorized to decree sale of the property. Our statutes also provide for a sale. [R. S. 1919, sec. 2047.] It has been well said by GOODE, J., in Carson v. Hecke, 282 Mo. l. c. 590, that our statutes very largely follow the equity practice. In other words, the statutes of Missouri are expressive of the equity rules, with a grant of pow-

*Statutory Action: Equity Rules: Sale.*

er, by Section 2047, supra, to decree a sale, if the situation of the case meets the statutory conditions as to an order of sale. Our statute, supra, so far as applicable reads:

"If, in any case, from the nature and amount of the property sought to be divided, and the number of the owners it shall be apparent to the court that the assignment of dower, if any, and partition thereof, in kind, cannot be made without great prejudice to the owners, an order of sale may be made, without the appointment of commissioners."

We have another statute (Sec. 2026, R. S. 1919) which provides (in cases where commissioners have been appointed to make partition, and report that such cannot be made "without great prejudice to the owners") that the court, if satisfied of the correctness of the report, may order a sale.

It thus appears we have two statutes covering this matter of sale. In Section 2047, supra, the plaintiffs must allege and prove that the property is not susceptible of division in kind, and that a sale as a whole is to the best interests of all the parties. The present suit is under this statute.

We also have Section 2009, Revised Statutes 1919, which reads:

"It shall be lawful for the court, in rendering judgment of partition, to order and direct that any number of shares be set off together in one parcel, and that the residue be divided among the other parties, according to their several rights."

It may be that, under this statute, had there been a decree for partition in kind (a question not in this appeal), a court might have certain interests set off in one block, and decree a sale of the remainder, but we are not in this case called upon to rule that question. The strict reading of the statute might only mean the partition in kind of such residue. But both sides agree that the sole question involved here is whether or not the trial court erred in ordering a sale as prayed for in the petition. This depends upon the evidence, and that question we take next.

II.  The findings of the trial court (set out in our statement of the case, supra) indicate the complications of this estate.  There is a mortgage lien of more than $2,000, when the interest is calculated.  In addition there is a judgment against the estate now approaching $2,000. Then we have contracts between the parties, which occasioned a finding of special liens against certain interests for the contract purchase prices.  But in addition to this, there was much evidence as to the necessity of a sale, rather than partition in kind.  From this evidence it appears that the land is 120 rods wide by 140 rods deep.  That the road frontage (and there is a good road) is the 120 rods, supra; that the west half of the land is better than the east half; that the improvements (worth something like $2500) are on the west one-third of the land. With this situation fully detailed, many witnesses testified that it could not be divided in kind, so as to protect the interest of all the parties interested.  There was also evidence, contra.  The trial court saw and heard these witnesses, and was therefore better able to judge their evidence, and its weight, than are we, with only a could printed record before us.  The diverse interests appear from the judgment.  In Hiles v. Rule, 121 Mo. 1. c. 257, we refused to reverse an order of sale of 105 acres, when there were one-fifth interests.  The complications in this case are much more than in that case. But, as indicated above, the trial court saw and heard all the witnesses, and was in position to judge the real merits of their testimony.  We do not, under the facts, feel that we should disturb the judgment of that court, and the judgment is affirmed.  All concur.